UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 17-148 |
| FREDERICK FLOYD, D.O. | SECTION: "J" |

### ORDER AND REASONS

Before the Court is Defendant Frederick Floyd's *Request for Early Termination of Federal Probation* **(Rec. Doc. 56)** and the Government's opposition thereto (Rec. Doc. 58). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Defendant's motion should be **DENIED** for the reasons set forth more fully below.

### FACTS AND PROCEDURAL BACKGROUND

In August 2017, Defendant was charged in a two-count Bill of Information with Conspiracy to Distribute and Dispense Controlled Dangerous Substances and Money Laundering. (Rec. Doc. 12). After pleading guilty to both counts, Mr. Floyd was sentenced to 120 months imprisonment, with a three-year term of supervised release to follow. (Rec. Doc. 40). His sentence was later reduced to 96 months, pursuant to 18 U.S.C. § 3582(c)(2), with his supervised release term unaffected. (Rec. Doc. 55). Thus, Mr. Floyd's instant motion is interpreted as a Motion for Early Termination of Supervised Release, not for early termination of probation.

Mr. Floyd completed his term of incarceration, and according to the United States Probation Office, he began his three-year term of federal supervised release

1

on May 1, 2024. (Rec. Doc. 58, at 1). Defendant filed the instant *pro se* motion on July 25, 2025, after being on supervised release for a little more than a year. Mr. Floyd requests early termination of his supervised release based on his lack of disciplinary issues during the term of his incarceration, his compliance with the conditions of supervised release, and his ability to maintain employment and receive a promotion with Asplundh Tree Expert, LLC.

The Government opposes Mr. Floyd's motion based primarily on the nature and circumstances of Mr. Floyd's offense and the public policy goals of deterring further criminal conduct, promoting respect for the law, and protecting the public from future crimes. The Government points to Defendant's "admission of operating a 'pill mill' wherein 2,396,592 dosage units of controlled dangerous substances were dispensed outside the scope of professional practice and not for a legitimate medical purpose." (Rec. Doc. 58, at 2). Furthermore, the Government cites case law to support its contention that "[c]ourts have generally held that something more than compliance with the terms of [supervised release] is required to justify an early termination." (Rec. Doc. 58, at 2) (quoting *United States v. Seymore*, No. 07-358, 2023 WL 3976200, at *1 (E.D. La. June 13, 2023)).

## LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(1), the Court, after considering certain factors laid out in 18 U.S.C. § 3553, may modify or terminate a term of supervised release at any time after a defendant has served one year of release. The factors to be analyzed generally concern the nature of the offense, the defendant's history, public safety, and

the deterrent effect. *See* 18 U.S.C. § 3553. Moreover, courts have held that "'early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior.'" *Seymore*, 2023 WL 3976200, at *1 (quoting *United States v. Smith*, No. 10-cr-53, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014)).

## DISCUSSION

At his sentencing, Mr. Floyd pled guilty to conspiracy to distribute and dispense controlled dangerous substances and money laundering. Specifically, Mr. Floyd was a physician who pled guilty to prescribing large quantities of controlled substances to individuals for whom these prescriptions were not medically necessary. The Government argues that Mr. Floyd's supervised release should not be terminated early based on the factors enumerated in 18 U.S.C. § 3553(a), citing both the serious nature of Mr. Floyd's offense and the danger that it posed to the public.

The Court is pleased that Mr. Floyd did not face any disciplinary issues while incarcerated and that he has complied with the terms of his supervised release. Furthermore, the Court acknowledges that Mr. Floyd has proved himself a valuable employee for Asplundh. However, the Court must agree with the Government's contention that Mr. Floyd does not present any extraordinary circumstances which would merit the early termination of his supervised release. Instead, Mr. Floyd has merely complied with the terms of his supervised release, which is the expectation for all defendants. The Court encourages Mr. Floyd to continue along his current path, which includes complying with all requirements for the remainder of his supervised release.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Request for Early Termination of Supervised Release* **(Rec. Doc. 56)** is **DENIED**.

New Orleans, Louisiana, this 21st day of October, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE